DU PUY v. POST TELEGRAM CO.

(Circuit Court of Appeals, Third Circuit. January 31, 1914.)

No. 1765.

1. COPYRIGHTS (§ 12*)—VALIDITY—AUTHORSHIP.

Where complainant's copyrighted article containing a proposed program for "Peace Day" in the public schools was taken almost exclusively from a United States Bureau bulletin compiled by another, complainant was not entitled to a copyright thereon, for want of original authorship.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 14, 15; Dec. Dig. § 12.*]

2. COPYRIGHTS (§ 12*) — MATERIAL SUBJECT TO COPYRIGHT — PUBLIC DOCUMENTS.

Copyright Act (Act March 4, 1909, c. 320, 35 Stat. 1077 [U. S. Comp. St. Supp. 1911, p. 1474]) § 7, provides that no copyright shall subsist in the original text of any work which is in the public domain or in any publication of the United States government, or any reprint, or in whole or in part thereof. Held, that an article, entitled "Peace Day in Uncle Sam's Schools," purporting to contain a proposed program for observance of such day, taken almost exclusively from a United States bulletin published by the Bureau of Education, and compiled by the secretary of the American School Peace League, was not copyrightable.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 14, 15; Dec. Dig. § 12.*

Matter subject to copyright, see note to Cleland v. Thayer, 58 C. C. A. 273.]

In Error to the District Court of the United States for the District of New Jersey; John Rellstab, Judge.

Action by William A. Du Puy against the Post Telegram Company. Judgment for defendant, and complainant brings error. Affirmed.

Vroom, Dickinson & Scammell, of Trenton, N. J., for Du Puy.
Ott & Carr, of Camden, N. J., for Post Telegram Company.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below William A. Du Puy, the plaintiff, brought suit against the Post Telegram Company to recover a penalty of one dollar for each of 5,000 copies of its newspaper, issued May 14th, which publication plaintiff alleged violated his copyright. At the termination of the proofs the court below directed a verdict for the defendant. Thereupon plaintiff sued out this writ, assigning for error such action by the court below. In the view we take of the case we find it necessary neither to detail nor discuss the proofs, which tended to show that the plaintiff had himself sent and offered for sale his article to the New York Times and 16 other newspapers prior to obtaining a copyright therefor, that he had so sold to the New York Times a copy thereof, which it was alleged was not marked copyrighted, or, if marked copyrighted, was not then copy-

righted and was so marked in violation of section 29 of the Copyright Law, which provides that:

"Any person who shall knowingly issue or sell any article bearing a notice of United States copyright which has not been copyrighted * * * shall be liable to a fine of one hundred dollars."

Passing by these questions, the further proofs tended to show that the United States Bureau of Education in March, 1912, issued its official bulletin No. 8, whole No. 476, entitled:

"Peace Day (May 18). Suggestions and material for its observance in the Schools. Compiled by Fannie Fern Andrews, Secretary of the American School Peace League."

This bulletin was prepared by Mrs. Andrews at the request of the Bureau. It contained a Peace Day program suggested for use in the schools, a special article on the significance of the 18th of May as the culmination of many recited events in the history of the peace and arbitration movements, and a summary of things that could be done by government by using the army and navy budget for such purposes. All these and numerous other features of this bulletin, in several instances in the exact wording of the bulletin, appeared in an article in the issue of May 14, 1912, of the Post Telegram, the defendant, a newspaper published at Camden, N. J. In addition thereto the article recited at length the steps already taken in New York for the celebration of the day, together with interviews by prominent educators.

[1] The publication in the Post Telegram was of a syndicate matrix furnished by the New York Times. It was used by the defendant without knowledge that any of the matter was, or was claimed to be, copyrighted. It subsequently appeared that on May 12th the plaintiff, who was a newspaper correspondent, had published in the Washington Star an article entitled "Peace Day in Uncle Sam's Schools," and on May 13, 1912, had the same copyrighted. The basis of such article was the peace bulletin already referred to, in many parts its exact wording being used, in other instances a change of a word or sentence here and there, but taken as a whole and from the standpoint of authorship the bulletin was the authority and origin of the article. Looking then at substance, bearing in mind the purpose of securing to authors the exclusive rights to their respective writings, we have in the plaintiff neither the author who originated nor a writer of his own. Not only is the basis of authorship lacking, but another barrier stands in the way of such attempted monopoly. This bulletin was a public official document, one which by its public character was by statute excepted from copyright appropriation.

[2] Section 7 of the Copyright Act provides:

"That no copyright shall subsist in the original text of any work which is in the public domain, * * * or in any publication of the United States government, or any reprint, or in whole or in part, thereof."

Seeing, then, as we do, that there was no original authorship in this Star article, that it was but a word redress of the substance of Mrs. Andrew's article, it is clear that a copyright thereof would be wholly

at variance with that constitutional purpose which is the object of copyright legislation, namely, "securing for limited times to authors the exclusive right to their respective writings." Had Mrs. Andrews' treatise been copyrighted, her copyright would have been violated by the Star article; for, as we have seen, the compiler of the latter finally admitted it was impossible for him to point out any substantial part thereof that is not taken from her article. It follows therefore that what she gave to the public in an official bulletin could not afterwards be taken from that public under the guise of copyright.

The judgment below is therefore affirmed.